## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

OAKWOOD VENTURES, LLC d/b/a BELLE TERRACE )
)
)
      Plaintiff, )
)
      v. )
)
ALEX M. AZAR, II, the Secretary of the )
Department of Health and Human Services, )
)
      Defendant )

Case No. _____

COMPLAINT AND APPLICATION FOR
PRELIMINARY INJUNCTION

COMES NOW, Oakwood Ventures, LLC d/b/a Belle Terrace ("Belle Terrace") ("Plaintiff") and files this Complaint and Application for Preliminary Injunction ("Complaint") against Alex M. Azar II, Secretary of the United States Department of Health and Human Services ("HHS"), the governmental department which contains the Centers for Medicare and Medicaid Services ("CMS"), the agency within HHS that is responsible for administration of the Medicare and Medicaid programs ("Defendant"), and alleges and avers as follows:

## INTRODUCTION

1.    Plaintiff Oakwood Ventures, LLC d/b/a Belle Terrace, a skilled nursing facility located in Tecumseh, Nebraska, has undergone significant improvements since a survey conducted in June 2020 that identified multiple deficiencies, including some that posed immediate jeopardy to residents. Despite all this progress, CMS is terminating Belle Terrace's Medicare and Medicaid certification now because of certain alleged violations that the Nebraska Department of Health and Human Services ("NDHHS") identified in a December 16, 2020 survey.

1

2.      Belle Terrace is confident that it has returned to substantial compliance, but this action is not an invitation to reexamine that erroneous decision but, rather, to address the insufficiency of the process afforded to the facility.  NDHHS initially told Belle Terrace that there would be an opportunity to submit a plan of correction that addressed the alleged deficiencies, but then told Belle Terrace that there would be no such opportunity.  Belle Terrace requested an informal dispute resolution as required by Medicare regulations, but the January 4, 2021 conference was not a true opportunity to contest NDHHS's allegations.

3.      CMS's action should be enjoined because Belle Terrace has not been given a sufficient opportunity to correct or contest those findings as NDHHS originally intended or to dispute those findings as required under 42 C.F.R. § 488.331(a).

PARTIES

4.      Plaintiff Oakwood Ventures, LLC d/b/a Belle Terrace is a limited liability company organized pursuant to the laws of the state of Nebraska and does business at 1133 North 3rd Street, Tecumseh, Nebraska 68450.

5.      Defendant, Alex M. Azar II, in his official capacity, is the Secretary of the United States Department of Health and Human Services ("HHS"), the governmental department which contains the Centers for Medicare and Medicaid Services ("CMS"), the agency within HHS that is responsible for administration of the Medicare and Medicaid programs.  He may be served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure by serving the U.S. Attorney for the district where the action is brought, serving the Attorney General of the United States in Washington, D.C., by certified mail, and by serving the United States Department of Health and Human Services, by certified mail.

## JURISDICTION

6.      The Court has jurisdiction pursuant to 28 U.S.C. § 1331 under the entirely collateral Constitutional claim exception to the Medicare exhaustion requirement established by *Mathews v. Eldridge*, 424 U.S. 319 (1976).  Defendant's failures to provide an opportunity for Plaintiff to challenge or correct the findings from NDHHS's December 16, 2020 revisit prior to terminating Plaintiff's Medicare and Medicaid certification violates constitutionally required procedures as well as Medicare's own regulations.  Plaintiff has been deprived of the administrative process that effectively prevents the provider from exhausting administrative remedies to challenge the illegal action.  No administrative or judicial review is otherwise available to contest Defendant's *ultra vires* actions.  Such failure violates Plaintiff's constitutional right of Due Process guaranteed by the U.S. Constitution.  Moreover, the failure to provide sufficient notice and an opportunity to challenge the alleged debt prior to initiating the withholding of funds is not a benefits determination, but an otherwise unreviewable procedural issue.  Jurisdiction is based upon Plaintiff's constitutional claim that is collateral to a substantive claim for benefits.

## VENUE

7.      Venue is proper in this Court under 42 U.S.C. §§ 505(g), 1395ii and 1395ff(b), and 28 U.S.C. §§ 1391(b) and (e), and 5 U.S.C. § 703.

## APPLICABLE LAWS AND REGULATIONS

8.      As part of the Social Security Amendments of 1965, Congress established the Medicare program, a national health insurance plan to cover the cost of medical care for the elderly and disabled.  *See* 42 U.S.C. § 1395 *et seq*.  Officially known as "Health Insurance

Benefits for the Aged and Disabled," it provides basic protection against the costs of inpatient hospital and other institutional provider care.

9.      To receive payment for services provided under its Medicare Provider Agreement, long-term care facilities such as Belle Terrace must comply with the Federal requirements set forth in the Medicare Requirements of Participation ("RoP").  42 U.S.C. § 1395f(a); 42 C.F.R. §§ 489.10(a), 488.3(a)(2); *see generally* 42 C.F.R. § 483 et seq.

10.     If a long-term care facility is found to be deficient in one or more of the requirements of participation, it may participate in the Medicare program only if it has submitted an acceptable plan of correction for achieving compliance within a reasonable period of time. 42 C.F.R. § 488.412(d).  Medicare termination will result in Medicaid termination as required by 1902(a)(39) of the Social Security Act (42 U.S.C. § 1936a).

11.     Under 42 C.F.R. § 488.331(a)(1), a facility must be given an "informal opportunity, at the facility's request, to dispute survey findings upon the facility's receipt of the official statement of deficiencies."  To provide for the informal dispute resolution process required by federal law, Nebraska utilizes the process in Neb. Rev. Stat. § 71-452 which provides, in relevant part, "an applicant or a licensee shall notify the director in writing that the applicant or licensee (1) desires to contest the notice and request an informal conference with a representative of the department in person or by other means at the request of the applicant or licensee, or (2) desires to contest the notice and request an informal conference with a representative peer review organization with which the department has contracted[.]"

## FACTS

12.     Belle Terrace is a Nebraska-licensed skilled nursing facility that has been serving the community since the 1970s.  Belle Terrace is located in Tecumseh, Nebraska, a town of

approximately 1,700 people in southeast Nebraska, approximately one hour from Lincoln, Nebraska.

13.     On June 24, 2020, the Nebraska Department of Health and Human Services completed a survey of Belle Terrace and found it to be out of substantial compliance with regulatory requirements.

14.     On September 14, October 22, and December 3, 2020, NDHHS conducted revisits.  In each of the visits, NDHHS determined that the facility had not demonstrated substantial compliance in all respects.  NDHHS did make the determination that improvements were made, and the residents were not being harmed.

15.     On December 16, 2020, NDHHS conducted a revisit and erroneously determined that the facility had not demonstrated substantial compliance.

16.     On December 18, 2020, NDHHS sent a letter to Belle Terrace regarding the December 16, 2020 revisit.  In the letter, NDHHS described procedures for Belle Terrace to submit a plan of correction for the deficiencies that had been identified.  In the letter, NDHHS also stated that Belle Terrace should contact NDHHS if it believed it had achieved substantial compliance, noting that NDHHS would terminate its Medicare provider agreement with Belle Terrace if substantial compliance had not been achieved within six months after the last date of the health survey identifying noncompliance.  Belle Terrace filed plans of correction with NDHHS on December 18, 2020, the same day that Belle Terrace received the December 18, 2020 NDHHS Letter.

17.     On December 21, 2020, NDHHS sent what it described as an "amended" version of the December 18th letter.  This "amended" letter differed from the original December 18 letter in not having any discussion of procedures for Belle Terrace to submit a plan of correction.  This

5

"amended" letter also did not state that Belle Terrace should contact NDHHS if it believed it had achieved substantial compliance.

18.     On the same day, December 21, 2020, CMS sent a letter to Belle Terrace stating that CMS had determined that Belle Terrace "does not meet the requirements for participation as a skilled nursing facility."  CMS noted the NDHHS's June 24, 2020 survey and the revisits which CMS said, "established that the facility has not obtained substantial compliance with the regulatory requirements."  CMS stated that Belle Terrace's Medicare agreement would be terminated effective January 5, 2021, and that it would inform Nebraska's Medicaid agency to terminate Belle Terrace's Medicaid agreement.

19.     Separately, on December 21, 2020, CMS also published an amended notice that Belle Terrace's Medicare agreement would be terminated effective January 5, 2021, because CMS had "determined that Belle Terrace had failed to attain substantial compliance with" seven Medicare and Medicaid participation requirements.  On December 29, 2020, CMS published an amended notice that Belle Terrace's Medicare agreement would be terminated effective January 19, 2021.

20.     On December 22, 2020, Rural Health Development, the temporary manager for Belle Terrace appointed under the regulatory process, sent CMS a letter asking that CMS allow Belle Terrace to have a fifth revisit.  Rural Health Development described the changes that have been made in recent months and "the tremendous improvement" shown in recent surveys.  Rural Health Development praised the management and staff as "very caring and competent individuals" and noted that "moving the residents would be harmful."  On December 23, 2020, CMS spoke to Rural Health Development and said that the termination would proceed.

21.     On December 24, 2020, Belle Terrace submitted to NDHHS a request for informal conference/informal dispute resolution to contest the deficiency statement dated December 16, 2020.  Belle Terrace requested the only option available to it; for the informal conference/informal dispute resolution to be conducted by a "Representative of the Nebraska Department of Health and Human Services."

22.     On January 5, 2020, Belle Terrace made a 152-page submission to NDHHS for the informal dispute resolution.  This included the following:

- A 14-page summary of Belle Terrace's position regarding the alleged deficiencies

- More than 90 pages of medical records

- An affidavit by Kimberly Scharf, an advance practice registered nurse who has provided care for Resident 110, who spoke to the surveyor on December 16, 2020, and who stated that she believed that there was no medication error regarding Resident 110.

- An affidavit by Tana Jordan, a licensed practice nurse who has provided care for Resident 110 at Belle Terrace.

- A statement by Katherine Bohling, the Director of Nursing at Belle Terrace.

- A statement by Dr. Susan Levy, who reviewed the records for Resident 110 and believed that his care was within the standard of care and that there was substantial compliance with regulatory requirements relating to Resident 110's care at the time of the December 16, 2020 revisit.

23.     On January 5, 2021, an informal conference was conducted by telephone by Kimberly Divis, an employee of NDHHS.  During the conference, Divis said that she had not reviewed the materials that Belle Terrace submitted prior to the conference.  Divis asked no questions of Kimberly Scharf, Katherine Bohling, or Susan Levy, even though all three had submitted statements prior to the informal conference and were present for the informal conference.

24.     On January 8, 2021, Divis issued a report adopting NDHHS's position regarding the alleged deficiencies on December 16, 2020.  Divis's report did not contain analysis of the materials provided by Belle Terrace.  It merely reflexively affirmed the Agency's findings without ever resolving the disputed questions of facts or law.

25.     On January 9, 2021, Connie Vogt, Director of NDHHS Long Term Care Survey, adopted the recommendation of Divis, also, without any analysis.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

26.     Defendant's failure to provide notice to Plaintiff and its failure to provide Plaintiff with an opportunity to exercise its rights prior to withholding funds owed to Plaintiff violates constitutionally required procedures as well as Medicare's own terms.  Plaintiff has been deprived of the administrative process that effectively prevents the provider from exhausting administrative remedies to challenge the illegal action.  No administrative or judicial review is otherwise available to contest Defendant's ultra vires actions.  Such failure violates Plaintiff's constitutional right of Due Process of Law guaranteed by the U.S. Constitution.  Under these facts, the administrative exhaustion requirement is excused.

## CLAIMS FOR RELIEF

### Count 1 – Violation of Procedural Due Process of Law

27.     Plaintiff hereby incorporates by reference all preceding paragraphs of this complaint as if fully set forth herein.

28.     The Fifth and Fourteenth Amendments to the U.S. Constitution guarantee that no person shall be deprived of life, liberty, or property without Due Process of Law.  Defendant's termination of Belle Terrace's Medicare certification without providing a true opportunity to contest or correct the alleged deficiencies deprives Plaintiff of Due Process.

29.     Defendant's failings have essentially denied to Plaintiff the fundamental requisites of Due Process, notice, and an opportunity to be heard.

30.     Accordingly, Plaintiff is entitled to injunctive relief that requires Defendant to suspend termination until it can provide a true opportunity for Plaintiff to contest or correct the alleged deficiencies.

## REQUEST FOR PRELIMINARY INJUNCTION

31.     Plaintiff requests a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining Defendant from terminating Plaintiff's Medicare certification until Defendant has provided a true opportunity to contest or correct the alleged deficiencies.

32.     Plaintiff is willing to post a bond in the amount the Court deems appropriate, but it should not be required to do so on the facts on this case.

33.     Plaintiff asks the Court to set its application for hearing at the earliest possible time and, after hearing the request, to issue a preliminary injunction against Defendant.

## PRAYER

34.     For these reasons, Plaintiff asks the Court to issue injunctive relief that requires Defendant to suspend termination until Defendant provides a true opportunity for Plaintiff to correct or contest the alleged deficiencies identified in the December 16, 2020 revisit, and all other relief the Court deems appropriate.

Respectfully submitted the 18th day of January, 2021.

> OAKWOOD VENTURES, LLC d/b/a
> BELLE TERRACE, Plaintiff
>
> BY: *Cameron E. Guenzel /ajw*
> Abbie J. Widger, #18884
> Cameron E. Guenzel, #24405
> **JOHNSON FLODMAN**
> **GUENZEL & WIDGER**
> Its Attorneys
> 1227 Lincoln Mall
> Lincoln, NE 68508
> (402) 475-4240
> awidger@johnsonflodman.com
> cguenzel@johnsonflodman.com