IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| OAKWOOD VENTURES, LLC doing business as Belle Terrace,<br><br>Plaintiff,<br><br>vs.<br><br>NORRIS COCHRAN,[1] Acting Secretary of the Department of Health and Human Services,<br><br>Defendant. | 4:21-CV-3011<br><br>MEMORANDUM AND ORDER |

    This matter is before the Court on Oakwood Ventures' motion (filing 2) for a preliminary injunction and the Secretary of the Department of Health and Human Services' motion (filing 14) to dismiss Oakwood Ventures' complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). For the reasons stated below, the Court agrees with the Secretary that subject-matter jurisdiction is absent here. Accordingly, the Court will grant the Secretary's motion, deny Oakwood Ventures', and dismiss this case.

STANDARD OF REVIEW

    A motion pursuant to Rule 12(b)(1) challenges whether the Court has subject matter jurisdiction. The party asserting subject matter jurisdiction bears the burden of proof. *Great Rivers Habitat All. v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). A Rule 12(b)(1) motion can be presented as either a "facial" or "factual" challenge. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Acting Secretary of the Department of Health and Human Services is automatically substituted as a party upon his predecessor's departure.

1990). When reviewing a facial challenge, the Court restricts itself to the face of the pleadings, and the nonmovant receives the same protections as it would facing a Rule 12(b)(6) motion. *Id*. This case involves a facial challenge. *See* filing 16 at 16. So, to survive the motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And while the Court must accept as true all facts pleaded by the nonmoving party and grant all reasonable inferences from the pleadings in favor of the nonmoving party, *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012), a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Iqbal*, 556 U.S. at 678.

## BACKGROUND

While the parties have marked disagreements about many of the facts underlying this dispute, the facts relevant to the Court's jurisdiction are largely undisputed. Oakwood Ventures does business as Belle Terrace, a nursing home in Tecumseh, Nebraska. Filing 1 at 1. Generally at issue is Belle Terrace's eligibility to participate in the Medicare program. *See generally* 42 U.S.C. § 1395cc. More specifically at issue is the process of investigation and oversight employed to assure quality of care at Belle Terrace. *See generally* 42 U.S.C. § 1395i-3.

Belle Terrace was inspected several times beginning in mid-2020 by the Nebraska Department of Health and Human Services (NDHHS), as the State agency responsible for surveying skilled nursing facilities for compliance with Federal standards. *See* § 1395i-3(g)(1)(A). NDHHS was not impressed (often) and found that Belle Terrace was not complying with regulatory requirements. Filing 1 at 5. After a December 16, 2020 visit, NDHHS sent a letter to Belle Terrace describing its deficiencies and advising that a detailed "Plan of

Correction" could be submitted within 10 days. Filing 1 at 5; *see* filing 13 at 34-36. Belle Terrace replied with a plan, but three days after its first letter NDHHS sent an amended letter that did not discuss any opportunity to present a plan of correction. Filing 1 at 5-6; *see* filing 13 at 38-39. Instead, the amended letter simply advised Belle Terrace of its appeal rights, including "one opportunity to question cited deficiencies through an [informal dispute resolution] process." Filing 13 at 38. At the same time, the federal Centers for Medicare and Medicaid Services (CMS) sent the first of several notices that due to a number of NDHHS findings, CMS would terminate Belle Terrace's Medicare and Medicaid agreements. Filing 1 at 5-6; filing 13 at 56-60.

Belle Terrace's opportunity for informal dispute resolution regarding the December 16 visit is the subject of this case. Under federal regulations, "[f]or non-Federal surveys, the State must offer a facility an informal opportunity, at the facility's request, to dispute survey findings upon the facility's receipt of the official statement of deficiencies." 42 C.F.R. § 488.331(a)(1). Under State law, that means notifying NDHHS that the facility "desires to contest the notice and request an informal conference with a representative of the department in person or by other means at the request of the applicant or licensee[.]" Neb. Rev. Stat. § 71-452. Nothing in the statutes or regulations establishes standards for what that conference must include.

On December 24, Belle Terrace asked NDHHS for an informal conference with a representative of NDHHS. Filing 1 at 7. On January 5, 2021, Belle Terrace submitted 152 pages of argument, medical records, and other evidence. Filing 1 at 7. A teleconference was held the same day with an NDHHS nurse, who according to Oakwood Ventures said she had not reviewed the materials Belle Terrace had submitted at that point, and asked no questions of the witnesses who were on the call. Filing 1 at 7. On January 9,

she provided a report concluding that the initial NDHHS notice of noncompliance was accurate. Filing 1 at 8; filing 13 at 62-75. The NDHHS survey director adopted that recommendation. Filing 1 at 8.[2]

Oakwood Ventures sued. Filing 1. It alleges a single claim for relief: a procedural due process violation premised on "termination of Belle Terrace's Medicare certification without providing a true opportunity to contest or correct the alleged deficiencies[.]" Filing 1 at 8. And while its motion for a preliminary injunction (filing 2) does not clearly articulate what it is asking the Court to order, its brief in support and oral argument suggests that it is asking the Court to enjoin CMS from terminating Belle Terrace's Medicare Provider Agreement until Belle Terrace has a "meaningful opportunity" to dispute the findings on which that termination is based. Filing 3 at 1-2. The Secretary, however, argues that the Court lacks subject-matter jurisdiction because the administrative review process is incomplete. *See* filing 16 at 2.

## DISCUSSION

The exclusive method to obtain judicial review of "any claim arising under" the Medicare Act is 42 U.S.C. § 405(g). *See* 42 U.S.C. § 405(h); *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10, (2000). As a result, the statute is the sole grant of subject matter jurisdiction for litigation stemming from the administration of the Medicare Program. *See id.; Heckler v. Ringer,* 466 U.S. 602 (1984); *Weinberger v. Salfi,* 422 U.S. 749 (1975). And it requires exhaustion of administrative avenues of relief, until a final decision has been

---

[2] Belle Terrace subsequently asked for another informal dispute resolution based separately on CMS's imposition of penalties. Filing 13 at 77-82. But that separate request was not mentioned in the complaint, *see* filing 1, and its relevance (if any) is unclear.

made by the Secretary. *See Clarinda Home Health v. Shalala*, 100 F.3d 526, 530 (8th Cir. 1996).

Oakwood Ventures has not exhausted its administrative remedies, and it does not contend otherwise. *See* filing 3 at 12; filing 17 at 3-4. Instead, Oakwood Ventures relies on a constitutional exception to the statutory exhaustion requirement, found in *Mathews v. Eldridge*, 424 U.S. 319, 329-21 (1976): it applies when a litigant (1) raises a colorable constitutional claim collateral to its substantive claim of entitlement, (2) shows that irreparable harm would result from exhaustion, and (3) shows that the purposes of exhaustion would not be served by requiring further administrative procedures. *Clarinda Home Health*, 100 F.3d at 530-31 (citing *Anderson v. Sullivan*, 959 F.2d 690, 693 (8th Cir. 1992); *see Ill. Council*, 529 U.S. at 15; *Degnan v. Burwell*, 765 F.3d 805, 808 (8th Cir. 2014). But that argument fails at the first step: Oakwood Ventures has failed to present the Court with a colorable constitutional claim.

What Oakwood Ventures is trying to assert into existence is a due process right to a *pretermination* hearing. But there is no such right, and Oakwood Ventures has directed the Court to no authority holding otherwise. Courts have, in fact, explicitly required exhaustion for challenges to penalties and exclusions levied on Medicare providers for failure to provide quality care, and held that the procedures established for excluding providers from Medicare do not violate due process. *See Anderson v. Sullivan*, 959 F.2d 690, 693 (8th Cir. 1992); *Thorbus v. Bowen*, 848 F.2d 901, 903-04 (8th Cir. 1988); *see also Blue Valley Hosp. v. Azar*, 919 F.3d 1278, 1286-88 (10th Cir. 2019). While that comes at the price of "occasional individual, delay-related hardship," that Congressional judgment is justified by the context of a

"massive, complex health and safety program such as Medicare." *See Ill. Council,* 529 U.S. at 13.

Oakwood Ventures is trying to assert a due process right premised solely on the regulatory provision for informal dispute resolution. But Oakwood Ventures' attempt to color a constitutional claim depends on the Court both expanding and constitutionalizing § 488.331. The regulation quite plainly sets no requirements for what that process must include, and even more plainly states that "[a] facility may not seek a delay of any enforcement action against it on the grounds that informal dispute resolution has not been completed before the effective date of the enforcement action." § 488.331(b)(2). When the only legal authority for the right Oakwood Ventures is asserting is § 488.331, it can't then insist that it's entitled not only to more than the regulation provides, but also something that the regulation expressly precludes.[3]

Beyond that, even if Oakwood Ventures had a colorable constitutional claim, that claim is not collateral. Oakwood Ventures insists that it's possible to evaluate the quality of the NDHHS informal dispute resolution without digging into the merits of the dispute. Filing 17 at 6. But it's hard for the Court to see how. In the absence of any standards for what such an informal dispute resolution must include to be "meaningful," the Court would be forced to assess

---

[3] And in fact, the record suggests that the reviewing NDHHS nurse listened to Belle Terrace's argument, reviewed the survey packet and regulations, and independently concluded that the citation was warranted. Filing 15-2 at 3-4. Oakwood Ventures has little to contradict that account, except its opinion that the report didn't explain that conclusion very well and unsupported allegations of bias. Given that § 488.331 imposes no particular standards, that process certainly fits within the description of "informal dispute resolution." The most reasonable inference from the record, then, is that Belle Terrace received everything it was entitled to under § 488.331, and *more* than it was entitled to under the Due Process Clause (which, as discussed above, requires no pretermination hearing at all).

the gravity of the allegations and the nature and weight of the evidence in order to determine what procedures were warranted—taking the Court well out of its lane, and without a developed administrative record. This is, in fact, an illustration of precisely why administrative exhaustion is required.

In the absence of a colorable and collateral constitutional claim, the requirements of the *Mathews* exception are not satisfied. For the sake of completeness, however, the Court notes that the same reasoning would defeat Oakwood Ventures' motion for a preliminary injunction.

When deciding whether to issue a preliminary injunction, the Court weighs the four *Dataphase* factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Johnson v. Minneapolis Park & Recreation Bd.*, 729 F.3d 1094, 1098 (8th Cir. 2013); (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)). Having concluded that Oakwood Ventures has failed to present a colorable constitutional claim, the Court likewise concludes that Oakwood Ventures has little likelihood of success on the merits—and in deciding whether to grant a preliminary injunction, likelihood of success on the merits is the most significant factor. *Laclede Gas Co. v. St. Charles Cty.*, 713 F.3d 413, 419-20 (8th Cir. 2013). And even if Belle Terrace is facing a degree of irreparable harm, that "loses its significance" when "balanced against the potential for unnecessary harm to [its] patients." *See Thorbus*, 848 F.2d at 904.

Simply put, Oakwood Ventures has not persuaded the Court that its procedural due process claim—its *only* claim—is colorable. So the Court must dismiss this case on jurisdictional grounds. Accordingly,

IT IS ORDERED:

1. The Clerk of the Court is directed to substitute Norris Cochran, Acting Secretary of the Department of Health and Human Services, as the defendant in this matter.

2. The Secretary's motion to dismiss (filing 14) is granted.

3. Oakwood Ventures' motion for preliminary injunction (filing 2) is denied as moot.

4. This case is dismissed without prejudice.

5. A separate judgment will be entered.

Dated this 5th day of February, 2021.

BY THE COURT:

*[signature]*

John M. Gerrard
Chief United States District Judge